NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM ERNESTO QUINTEROS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-857

Agency No.
A095-788-611

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025[**]
Pasadena, California

Before: WARDLAW, GOULD, and KOH, Circuit Judges.

William Ernesto Quinteros, a native and citizen of El Salvador, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") dismissing an

appeal from an order of an Immigration Judge ("IJ") denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted the Respondent's unopposed motion to
submit this case on the briefs [Dkt. 26].

We have jurisdiction over this appeal under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)). We deny the petition.

1.       To establish eligibility for withholding of removal, an applicant must show that he will face persecution on account of a statutorily protected ground. *See Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019). Here, the only statutorily protected ground that Petitioner asserted to support his withholding of removal claim was membership in the proposed particular social group: "Persons Who Oppose Gang Violence." The agency did not err in concluding that this proposed particular social group is not cognizable.

A cognizable particular social group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021) (citation omitted). The applicant bears the burden of demonstrating the existence of a cognizable particular social group. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016).

Here, the agency correctly determined that Petitioner's proposed particular social group lacked both sufficient particularity and social distinction. First, as the BIA explained, the proposed group lacks particularity because "'oppose' is a

2

subjective term," and thus the proposed group lacks clear criteria or parameters for inclusion. *See Ngyuyen v. Barr*, 983 F.3d 1099, 1103-04 (9th Cir. 2020) (concluding that "known drug users" was not a cognizable particular social group because the group "lack[ed] definable boundaries" and was "amorphous, overbroad, diffuse, or subjective"); *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (concluding that "minor Christian males who oppose gang membership" was not sufficiently particular). Second, Petitioner failed to put forth evidence showing that Salvadoran society recognizes "persons who oppose gang violence" as a socially distinct group. The record contains ample evidence detailing the serious problem of gang violence in El Salvador. However, none of this evidence shows that Salvadoran society recognizes those who oppose gang violence as a distinct group. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1240, 1243 (9th Cir. 2020) (concluding that Petitioner had failed to establish a socially distinct group of "people who report the criminal activity of gangs to police" where the record discussed the problem of gang violence, but failed to show that society recognized those who reported the violence as a distinct group).

2.    Substantial evidence supports the agency's denial of CAT relief. "To be eligible for relief under CAT, an applicant bears the burden of establishing that []he will more likely than not be tortured with the consent or acquiescence of a public official if removed to h[is] native country." *Xochihua-Jaimes v. Barr*, 962

F.3d 1175, 1183 (9th Cir. 2020). Here, the agency denied CAT relief based on a lack of acquiescence by the Salvadoran government. The agency reviewed country conditions reports and found that the Salvadoran government has made aggressive efforts to combat gang activity. Although Petitioner put forth generalized evidence of corruption in the Salvadoran government, this evidence is not specific to the government's response to gang violence and does not compel the conclusion that a Salvadoran official would participate in or acquiesce to Petitioner's torture if Petitioner is removed to El Salvador. *See id.* ("[F]or this court to reverse the BIA with respect to a finding of fact [underlying an applicant's eligibility for CAT relief], the evidence must compel a different conclusion from the one reached by the BIA." (quoting *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011))).[1]

**PETITION DENIED.**

---

[1] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 2. The motion for stay of removal is otherwise denied. *See* Dkt. No. 8.